UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-cv-282-FDW

| | |
|---|---|
| JOSE EDY MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| Ms. FNU HAYNES, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). On November 18, 2014, this Court entered an order granting Plaintiff in forma pauperis status and directing monthly payments to be made from Plaintiff's prisoner account.

I.  BACKGROUND

Pro se Plaintiff Jose Edy Martinez is a prisoner of the State of North Carolina, currently incarcerated at Mountain View Correctional Institution. Plaintiff is serving a sentence of 70 to 84 months of imprisonment after being convicted in Mecklenburg County on July 22, 2009, of trafficking in cocaine. According to the North Carolina Department of Public Safety web site, Plaintiff's projected release date is July 15, 2015.

Plaintiff filed this action on October 29, 2014, naming as Defendants numerous employees and officials with the North Carolina Department of Public Safety. (Doc. No. 1 at 2). Plaintiff purports to bring a class action on behalf of himself and other similarly situated North Carolina inmates. Plaintiff alleges that various of his federal constitutional rights have been

violated as a result of a federal immigration detainer issued against him by Immigration and Customs Enforcement ("ICE") in around September or October 2009, pursuant to 8 C.F.R. § 287.7(a). (Id. at 6). The detainer was issued on a "Form I-247" in compliance with 8 C.F.R. § 287.7(a). Plaintiff alleges that the North Carolina Department of Public Safety has promulgated Chapter G, Section .0105, of the Department's Policies and Procedures, titled "Outstanding Charges/Detainers," and providing as follows:

> If the detainer was issued by Immigration and Customs Enforcement (formerly Immigration and Naturalization Services) for deportation, the Division of Prisons may hold the inmate for 48 hours, excluding federal holidays and weekend, to aid ICE officers in assuming custody. ICE officers should contact the facility prior to the scheduled release and request that the inmate be held past the scheduled release should this provision be needed. The inmate should then be placed on administrative segregation for this period of his/her confinement after his release date. This is in compliance with federal law 8 C.F.R. 287.7(d).

(Id. at 7). Plaintiff alleges that the Department's policy of maintaining that it may hold an inmate for 48 hours past his release date violates Plaintiff's and the proposed class members' constitutional rights. Plaintiff also alleges that the lodging of 287 immigration detainers against himself and other similarly situated inmates violates the Fourth, Sixth, Tenth, and Fourteenth Amendments to the U.S. Constitution. (Id. at 3). Plaintiff also alleges that he has been presumptively treated as subject to deportation and removal as an illegal alien solely based on his Hispanic identity and his Fifth Amendment equal protection rights have therefore been violated. See (Id. at 16). Finally, Plaintiff complains that he has been moved from minimum to medium custody status as a result of the detainer, and he further complains that prison authorities have maintained that the detainer allows them to keep Plaintiff in state custody for more than 48 hours after his release date. (Id. at 5; 9). As relief, Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Specifically, Plaintiff seeks an order from this

Court finding that Defendants' policies and practices regarding Form I-247 detainers are unconstitutional.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Here, Plaintiff is challenging a federal immigration detainer issued pursuant to 8 C.F.R. § 287.7(a), which provides that:

> [a]ny authorized immigration officer may at any time issue a Form I-247, Immigration Detainer–Notice of Action, to any other Federal, State, or local law enforcement agency. A detainer serves to advise another law enforcement agency that the Department seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in

3

order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a). Furthermore, Section 287.7(d) provides that "[u]pon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department." Id. § 287.7(d). Plaintiff fails to state a claim for any constitutional violation based on the fact that ICE issued a Form I-247 detainer as to him. As the regulation itself explains, a Form I-247 detainer is merely a request, not a directive, for law enforcement agencies to inform the Department of Homeland Security of a pending release date for the person for whom a detainer has been issued. Accord Galarza v. Szalczyk, 745 F.3d 634, 643 (3d Cir. 2014) (finding that an I-247 detainer notice is in the nature of a "request," rather than a mandate, and Tenth Amendment concerns are therefore not implicated); United States v. Uribe-Rios, 558 F.3d 347, 350 n.1 (4th Cir. 2009) (defining detainers as a "request that another law enforcement agency temporarily detain an alien" to permit immigration officials to assume custody) (citing 8 C.F.R. § 287.7(d)). Thus, the issuance of a Form I-247 detainer does not in and of itself implicate federal constitutional concerns.[1] The Court recognizes that, in the event that a law enforcement agency detains an individual past his rightful release date based on the issuance of a Form I-247 detainer without first giving the individual the opportunity to show that he is not subject to deportation, then this may give rise to a claim for a violation of the individual's federal constitutional rights.[1] See Morales v. Chadbourne, 996 F. Supp. 2d 19, 41-42 (D.R.I. 2014) (where the plaintiff, a

---

[1] Notably, here, Plaintiff does not allege that he is a U.S. citizen and that he is, therefore, not subject to deportation.

naturalized citizen of the United States, alleged that she was detained in state custody based on a Form I-247 detainer—even after a state warrant was withdrawn and she had the legal right to be released from state custody—without first being allowed to first prove her citizenship, and based solely on her national origin and Hispanic last name, the plaintiff sufficiently stated a Fourth Amendment claim for illegal seizure, a Fifth Amendment claim for violation of her equal protection rights, and a Fourteenth Amendment due process claim against various defendants). Here, however, Plaintiff has not alleged that Defendants have wrongfully detained him as a result of the issuance of the Form I-247 detainer. Rather, at most, he alleges that he may, at some undetermined point in the future, be wrongfully detained by Defendants because of the Form I-247 detainer. To satisfy the injury-in-fact requirement when seeking injunctive and declaratory relief, a plaintiff must show that he is under threat of suffering an injury that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical. See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). Plaintiff has offered nothing more than speculation that state officials will illegally detain him past his release date as a result of the detainer. In other words, Plaintiff's claims here are based on his expectation of a hypothetical future injury.[2] Indeed, Plaintiff himself describes the purported injury in this action as an "illegal future-possible detention after the completion of his sentence." (Doc. No. 1 at 20).

As for Plaintiff's claim that his due process rights were violated because he has lost his minimum security status due to the detainer, a federal or state prisoner does not have a liberty

---

[2] Plaintiff alleges that his case manager "Mr. Lyons" informed Plaintiff that he "can detain him on segregation beyond his initial release date." (Doc. No. 1 at 5). Plaintiff also points to the North Carolina Department of Public Safety policy, set forth supra, that the Department may continue to detain an inmate up to 48 hours following the release date in the event of the lodging of an I-247 detainer. See (Doc. No. 1-3 at 11). Even taking these allegations as true, Plaintiff has not shown an imminent threat of injury.

interest in any particular security classification.  See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Slezak v. Evatt, 21 F.3d 590, 594 (4th Cir. 1994) ("The federal constitution itself vests no liberty interest in inmates in retaining or receiving any particular security or custody status "'[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . and is not otherwise violative of the Constitution.'") (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)).  Here, Plaintiff has not shown that his due process or other constitutional rights were violated by the fact that his security classification changed from minimum to medium as a result of the Form I-247 detainer being issued against him.

In sum, for the reasons stated herein, Plaintiff's Complaint will be dismissed for failure to state a claim.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.  28 U.S.C. §§ 1915(e); 28 U.S.C. § 1915A(b)(1).  Furthermore, to the extent that Plaintiff moves in his Complaint for appointment of counsel, the motion is denied as moot.

2. The Clerk is instructed to terminate this action.

Signed: December 2, 2014

Frank D. Whitney
Chief United States District Judge